UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE L. CISNEROS,

    Plaintiff,

v.                                        Case No.:  2:23-cv-1065-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Jose L. Cisneros requests a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 20.)[1] The Commissioner has responded, making this matter ripe. (Doc. 21.) For the reasons below, Cisneros's motion is granted in part and denied in part.

Earlier in this case, the Court entered an order (Doc. 17) reversing and remanding the Commissioner's decision. Thus, under EAJA, Cisneros moves for a fee award of $11,636.99 for 46.8 hours of attorney time. The Commissioner agrees that Cisneros is entitled to some fee award. At issue, rather, is the number of hours claimed. The Commissioner objects that Cisneros is seeking

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

reimbursement for excessive work and time that is insufficiently supported. (Doc. 21.)

For Cisneros to receive a fee and cost award under EAJA, these five conditions must be met: (1) he must file a timely application for attorney's fees; (2) his net worth must have been less than $2 million dollars when the complaint was filed; (3) he must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds all conditions of EAJA are met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably spent on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate;

2

then, if it exceeds $125.00, the Court determines whether to adjust it. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). For his counsel, Cisneros requests an hourly rate of $246.25 for 2023, and $248.75 for 2024. (Doc. 20-1 at 17-18.) After review, and considering the rates are uncontested, the Court finds them reasonable.

As noted, however, the Commissioner does oppose the hours logged by Cisneros's counsel. The Commissioner asserts that the requested fees should be reduced by 35% because the matter was voluntarily remanded on the Commissioner's motion, which should lower the litigation costs. (Doc. 21 at 3.) The Commissioner also argues that the time billed for the opening brief (20.4 hours) is excessive because the issues are not novel, similar issues have been briefed in other social security cases handled by counsel, and the brief was mostly boilerplate. (*Id.* at 4-5.) The Commissioner further notes that Cisneros seeks fees for non-compensable tasks such as reviewing the order granting remand and the judgment, but admits these entries are minimal (totaling .2 hours). (*Id.* at 5.) Finally, the Commissioner objects to the 1.0 hour spent preparing the EAJA petition because it doesn't identify who performed the task, nor the date it was performed. (*Id.* at 5-6.)

3

Courts have held that spending more than 30 hours on a Social Security case is uncommon. *See Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013). But that benchmark is not determinative. Whether a case warrants more time depends on the facts. *Id.* at *2.

Considering the ledger Cisneros provided (Doc. 20-1 at 17-18), the Court agrees that the hour requested for work on the EAJA petition (totaling $248.75) cannot be awarded for the reasons specified. But otherwise, the Court is not persuaded this is a case of excessive billing. The Commissioner's argument that fewer hours were needed because the case was voluntarily remanded isn't helpful because the Commissioner only agreed to remand after Cisneros's counsel had drafted the opening brief. And the number of hours spent on briefing does not seem excessive since the record was voluminous (over 2,000 pages) and Cisneros argued five issues. The "non-compensable tasks" that the Commissioner identifies are recoverable here because they are case-specific filings that counsel had to review. The case law the Commissioner relies on does not fit as it involves attorney review of standing orders entered in all social security cases, not case-specific filings. (Doc. 21 (citing *Lucas-Williamson v. Saul*, No. 8:18-cv-2641-T-17AAS, 2019 WL 6792458, at *2 (M.D. Fla. Nov. 6, 2019)).

In sum, the Commissioner has presented no persuasive argument to reduce the number of hours sought, and upon review, the Court finds that 45.8 hours is reasonable for a case such as this.

One final note. Cisneros filed an "Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement-Federal Court." (Doc. 20-2.) It provides: "I hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney." (*Id.*) But Cisneros acknowledges that after awarding EAJA fees, the Commissioner will determine whether he owes a federal debt to the Government. If no debt is owed, the Government will accept Cisneros's assignment, and the fees will be paid directly to counsel. (Doc. 20 at 3.) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Cisneros.

It is thus **ORDERED**:

Plaintiff's Petition for EAJA Fees (Doc. 20) is **GRANTED IN PART**, and the Court awards him $11,388.24 in attorney's fees. This award will be paid directly to counsel if the United States determines that no federal debt is owed by Cisneros.

**ENTERED** in Fort Myers, Florida on June 13, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record